HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
MARIO ALVAREZ-MUNIZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIO ALVAREZ-MUNIZ,<br><br>Defendant. | Case No. 1:17-cr-00155 JLT-SKO<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE |

Defendant, MARIO ALVAREZ-MUNIZ, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

     1.     Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

     2.     The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision").  *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023).  The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Alvarez-Muniz's total offense level was 31.  He received 1 criminal history point based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 3, which placed Mr. Alvarez-Muniz in criminal history category II.  The resulting advisory guideline range was 121-151 months;

4. On January 22, 2018, this Court sentenced Mr. Alvarez-Muniz to a term of 121 months imprisonment;

5. The sentencing range applicable to Mr. Alvarez-Muniz was subsequently lowered by the status-point provision, which reduces his criminal history score to 1, lowering his criminal history category from II to I, resulting in an amended advisory guideline range of 120 to 135 months imprisonment.  The bottom of the guideline range is set at 120 months pursuant to USSG § 5G1.2(b) in light of the applicable statutory mandatory minimum;

6. Because Mr. Alvarez-Muniz is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Alvarez-Muniz's term of imprisonment to 120 months, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 120 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

7. <u>United States' statement regarding its stipulation</u>[2]: Defendant Alvarez-Mario was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute Heroin, Cocaine and Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(B)(1)(a).  The defendant is subject to a statutory mandatory minimum sentence of 10 years in prison.  The

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

[2] This statement is provided by the United States and is not part of the parties' stipulation.

United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), defendant's sentencing memorandum (ECF No. 45), Statement of Reasons ("SOR"), Judgment (ECF No. 48), defendant's Bureau of Prisons ("BOP") disciplinary history, and after conferring with the prosecuting Assistant United States Attorney.  At sentencing, the government recommended a sentence at the low end of the advisory guideline range as determined by the Court.  *See* PSR at 18.  Both the probation officer and defendant recommended a sentence of 121 months, which was the low end of the advisory guideline range.  PSR at 18; ECF No. 45.  The Court found a term of imprisonment at the low end of the advisory guideline range, 121 months, was sufficient to follow the principles of 18 U.S.C. § 3553(a), including the need to protect the community from the defendant, the large amount of illegal drugs, defendant's status on county probation, and his lack of any formal education.  SOR at 4; PSR at 18–19 (providing similar justification); ECF No. 45 (agreeing with probation's recommendation).

The defendant has sustained one incident while in BOP custody for refusing to obey an order on December 13, 2021, related to having a mask down.  The defendant is currently located at Butner FCI, and his projected release date is January 3, 2025.  *See* Bureau of Prisons Inmate Locator available at https://www.bop.gov/inmateloc/ (last visited Feb. 14, 2024).

Respectfully submitted,

| | |
|---|---|
| Dated:  February 16, 2024 | Dated:  February 16, 2024 |
| PHILLIP A. TALBERT<br>United States Attorney | HEATHER E. WILLIAMS<br>Federal Defender |
| /s/ *Shelley D. Weger*<br>SHELLEY D. WEGER<br>Assistant U.S. Attorney<br>Attorney for Plaintiff<br>UNITED STATES OF AMERICA | /s/ *Peggy Sasso*<br>PEGGY SASSO<br>Assistant Federal Defender<br>Attorney for Defendant<br>MARIO ALVAREZ-MUNIZ |

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Alvarez-Muniz is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from II to I, resulting in an amended guideline range of 120 to 135 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2018 is reduced to a term of 120 months, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 120 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Alvarez-Muniz shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:  **February 20, 2024**                              
                                                           UNITED STATES DISTRICT JUDGE